**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:22CV-P7-JHM**

**JARED STEVEN MASHBURN**                                                            **PLAINTIFF**

**v.**

**HENDERSON COUNTY** *et al.*                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jared Steven Mashburn filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court on an initial review of the complaint (DN 1) pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff is a federal pretrial detainee at the Henderson County Detention Center (HCDC). He sues Henderson County, as well as HCDC Officers Shumate, McElfresh, Wilburn, Payne, Hunt, and Vowels[1] and Jailer Amy Brady in their individual and official capacities.

Plaintiff states that when he was transferred to HCDC on February 24, 2021, his correspondence with his attorney "was seized" by Shumate. He asserts, "She made copies of the correspondence placed original copies in my property, and then she also placed some of my documents from my attorney in the trash. I have never been a witness to the acts of the copys being made[.]" He maintains that he does not know how many copies were made, which officers

---

[1] Plaintiff did not list Vowels in the "Defendants" section of the complaint form and failed to identify in what capacity(ies) he sued him or her. By prior Order (DN 6), the Court directed Plaintiff to clarify whether he intended to sue Vowels and, if so, in what capacity(ies). Plaintiff filed a response (DN 7) stating that he wishes to sue Vowels in his or her individual and official capacities.

accessed his documents from his attorney, or where the original copies are located. He asserts that the documents were "uploaded to the 'Tellmate System tablet.'"

Plaintiff asserts, "The way the telmate system is designed for these particular tablets, an inmate has no choice except to accept these terms in order to have any access to incoming legal mail what so ever." He maintains that HCDC "has a policy that all incoming legal mail is opened by an officer, outside the presence of the inmate, and the inmate never physically sees his incoming legal mail. It is uploaded into the telmate system . . . ." He states that "his attorney-client privileged documents pertaining to three different on-going cases" were seized and copied by Shumate on February 24, 2021. He also states that his legal mail was seized, opened, and uploaded by Hunt and McElfresh on ten other dates. Plaintiff asserts, "The staff has seized, copied, uploaded, and violated by attorney-client privilege for every single contact from my attorneys since the date of my intake on Feb. 24, 2021."

Plaintiff further maintains that his attorney's "only options to visit me concerning on-going cases (3) is through the tablet, which is located where at least 10-12 other inmates are directly included in the visit with my attorney. They other inmates can listen to my entire attorney visits, they watch the visits, as well as the jail staff, law enforcement." He states that he filed grievances and appeals on these issues, which were denied by McElfresh, Shumate, Hunt, Wilburn, and Vowels.

Plaintiff alleges that the denial of his attorney-client privilege "has frustrated litigation in my case to the degree, that my attorney cannot even file proper pre-trial motions, like motions to suppress evidence, because my attorney and I refuse to disclose evidence in my case to jail staff, law enforcement agencies, investigators, and other inmates . . . ." He states that he "cannot build a proper defense" and that his legal fees have increased "as a direct result of the delay caused by

these policies enacted by Amy Brady, and carried out by her staff." Plaintiff alleges these actions violate his rights under the First, Fourth, Sixth, Fifth, and Fourteenth Amendments.

Plaintiff alleges a conspiracy by Defendants to violate his Sixth, Fifth, Fourteenth, and Eighth Amendment rights. He also alleges a *Monell* claim against Henderson County based on its policies concerning seizing, copying, and uploading his attorney-client correspondence. He also alleges a *Monell* claim against Henderson County based on its policy of "denying in-person, attorney-client visitation, that is not being recorded, memorialized, and/or listened to, by law enforcement, jail staff, or other inmates."

As a separate claim, Plaintiff states that when he was transferred to HCDC on February 24, 2021, he tested negative for COVID-19 and that he received the COVID-19 vaccine on April 1, 2021. He states that thereafter he tested positive for COVID-19 on April 8, 2021, April 21, 2021, and September 1, 2021. Plaintiff states that in August 2021 he was transported to Indianapolis, Indiana for a court date and that upon his arrival back at HCDC he was placed in a quarantine cell "with approx. 10-12 inmates, and at least 1 inmate was already known by jail and medical staff to be positive for COVID-19." He maintains that HCDC has a policy "of placing COVID-19 infected inmates, in extremely over-crowded cells, and intentionally, deliberately, and with reckless disregard, for other inmates' health and safety <u>forced</u> at least 6 of us to contract COVID-19." (Emphasis by Plaintiff). He states, "They locked us in a cell with an inmate, who was already known to be sick, and made us catch it, and wouldn't let us out till we either died, or healed." Plaintiff continues that "the officers at [HCDC], in particular, Officer Wilburn, who controls inmate locations shoved a very sick inmate in a cell so overcrowded, the inmate was sick, on the floor, over 14 days." He reports that he filed a medical grievance and appeals, which were denied by McElfresh and Payne and two non-Defendants.

Plaintiff maintains that he was "forced to actually contract COVID" and "denied access to the courts over the act [and] missed at least 2 court dates[.]" He asserts, "I was extremely sick, I could not breathe and when we/I asked to be moved, the officer responded 'Your just going to have to get over it.'" He states, "This is the policy and procedures that federal pre-trial detainees are subject to at [HCDC]." He alleges that this violates the Eighth Amendment.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v.*

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

#### A. Grievance handling

Plaintiff alleges that McElfresh, Shumate, Hunt, Wilburn, Vowels, and Payne were involved in denying his grievances. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his handling of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim.").

Therefore, Plaintiff's claims based on the handling of his grievances must be dismissed for failure to state a claim upon which relief may be granted.

#### B. Conspiracy

Plaintiff alleges a conspiracy by Defendants to violate his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Under § 1983 a civil conspiracy is "'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602

(6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). In order to state a claim of conspiracy, Plaintiff must allege the elements that make up a conspiracy claim: that a single plan existed; that the alleged co-conspirators shared in the general conspiratorial objective to deprive Plaintiff of his constitutional or federal statutory rights; and that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

A review of the complaint reveals that Plaintiff has failed to meet the pleading standard required to state a conspiracy claim. Plaintiff's complaint is completely devoid of factual matter that would allow the Court to draw a reasonable inference that Defendants engaged in a conspiracy to violate his constitutional rights. Plaintiff does not plead the "specifics" of any alleged conspiracy such as "when, where, or how the defendants conspired." *Perry v. Se. Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005). Plaintiff makes only conclusory allegations of a conspiracy that he connects to no particular person and which have no underlying factual support. "The 'web of inference[s] is too weak' on the alleged facts to permit a finding, 'absent sheer speculation,' that [Defendants] shared . . . [an] unlawful objective." *Bazzi v. City of Dearborn*, 658 F.3d at 603 (quoting *United States v. Sliwo*, 620 F.3d 630, 637 (6th Cir. 2010)). The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).

Accordingly, Plaintiff's § 1983 conspiracy claims will be dismissed for failure to state a claim upon which relief may be granted.

## C. Mail handling

Construing the complaint broadly, as the Court is required to do at this stage, <u>the Court will allow Plaintiff's claims under the First, Sixth, and Fourteenth Amendments based on the handling of his attorney-client privileged mail, as well as a First Amendment claim for denial of access to the courts, to proceed for further development against Henderson County and against Shumate, McElfresh, Hunt, and Brady in their individual capacities.</u>[2]

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Shumate, McElfresh, Hunt, and Brady will be dismissed as redundant to his continuing claims against Henderson County.

Plaintiff also claims a violation of the Fifth Amendment. The Self-Incrimination Clause of the Fifth Amendment requires that "[n]o persons . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Plaintiff does not allege that he provided any incriminating statements. Even if he did, he does not allege that they have been used against him in a criminal case. "[M]ere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 769 (2003). "It is only once compelled incriminating statements are used in a criminal proceeding . . . that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action." *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005) (footnote omitted). Thus, Plaintiff's claims under the Fifth Amendment must be dismissed for failure to state a claim.

---

[2] In allowing claims to proceed upon initial review, the Court passes no judgment on their merit or ultimate outcome.

**D. COVID-19**

Plaintiff also alleges that he was exposed to and tested positive for COVID-19 in violation of the Eighth Amendment. The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides similar protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). Because Plaintiff is a pretrial detainee, his allegations fall under the Fourteenth Amendment. Therefore, the Court will dismiss the Eighth Amendment claims for failure to state a claim.

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)); s*ee also Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights) (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). The only Defendant Plaintiff alleges was personally involved in housing him with an inmate who had COVID-19 is Wilburn.

Upon review, the Court will allow Plaintiff's Fourteenth Amendment claims based on these allegations to proceed against Henderson County and Wilburn in his individual capacity.

Once again, Plaintiff's official-capacity claim against Wilburn will be dismissed as redundant to the continuing claim against Henderson County.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims concerning the handling of his grievances and his conspiracy claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that his official-capacity claims are dismissed as redundant to the continuing claims against Henderson County.

Because no claims remain against them, the Clerk of Court is **DIRECTED to terminate Vowels and Payne** as parties to this action.

The Court will enter a separate Order governing the claims which will proceed.

Date: July 11, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Henderson County Attorney
4414.010